UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TRISURA INSURANCE COMPANY

    Plaintiff

vs.

KEVIN DARIOS SALTOS AZOGUEZ,
MERCEDES CHALFA,
ALISON MELANY RECALDE LIZANO,
SEGUNDO PUMA MACAS CASTRO,
JULIO PUMA CHALFA,
LEONARDO SALTOS RECALDE,
and HANKOOK MEDICAL SUPPLY & COMPANY, INC.,

    Defendants

**COMPLAINT FOR DECLARATORY JUDGMENT**

_____/

NOW COMES Plaintiff, Trisura Insurance Company, by and through counsel Hardin Thompson, PC, and for their complaint to obtain judgment declaring the rights and legal relations of the parties to this action, states as follows:

**INTRODUCTION**

1.  Plaintiff, Trisura Insurance Company, is an insurance company organized and existing under the laws of the State of Oklahoma, with its principal place of business in Oklahoma City, State of Oklahoma, and conducting regular business and writing insurance policies in the Commonwealth of Pennsylvania.

2.  Defendant, Kevin Darios Saltos Azoguez, is, upon information and belief, an individual domiciled in the State of New York who, as to the matters underlying this Complaint, fraudulently held himself out to be domiciled in the Commonwealth of Pennsylvania.

3.  Defendant Mercedes Chalfa is, upon information and belief, an individual

1

domiciled in the State of New York and, as to the matters underlying this Complaint, fraudulently made claims under a policy of insurance issued in, and written for residents of, the Commonwealth of Pennsylvania.

4.  Defendant Alison Melany Recalde Lizano is, upon information and belief, an individual domiciled in the State of New York and, as to the matters underlying this Complaint, fraudulently made claims under a policy of insurance issued in, and written for residents of, the Commonwealth of Pennsylvania.

5.  Defendant Segundo Puma Macas Castro is, upon information and belief, an individual domiciled in the State of New York and, as to the matters underlying this Complaint, fraudulently made claims under a policy of insurance issued in, and written for residents of, the Commonwealth of Pennsylvania.

6.  Defendant Julio Puma Chalfa is, upon information and belief, an individual domiciled in the State of New York and, as to the matters underlying this Complaint, fraudulently made claims under a policy of insurance issued in, and written for residents of, the Commonwealth of Pennsylvania.

7.  Defendant Leonardo Saltos Recalde is, upon information and belief, an individual domiciled in the State of New York and, as to the matters underlying this Complaint, fraudulently made claims under a policy of insurance issued in, and written for residents of, the Commonwealth of Pennsylvania.

8.  Defendant Hankook Medical Supply & Company, Inc., is, upon information and belief, a business entity that submitted fraudulent bills in connection with the staged accident and is part of the fraudulent scheme described herein.

9.  This is a declaratory judgment action pertaining to claims made by the

Defendants under a policy of automobile insurance issued to Defendant Kevin Darios Saltos Azoguez, which policy is written specifically for persons domiciled in the Commonwealth of Pennsylvania, and to be governed by the laws of the Commonwealth of Pennsylvania.

10.  The insurance policies at issue dictate that disputes regarding coverage thereunder are governed by Pennsylvania law. (Exhibit 1, Policy of Insurance issued by Plaintiff to Defendant Kevin Darios Saltos Azoguez, Policy Number PAA50001187, hereafter, the "Saltos Policy").

11.  This Court has jurisdiction over this matter based on the diversity of citizenship pursuant to 28 U.S.C. § 1332.

12.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(2) and/or (3).

## GENERAL ALLEGATIONS

13.  This action seeks to terminate an ongoing fraudulent scheme perpetrated against the Plaintiff, Trisura Insurance Company, ("Trisura"), whereby:

   (a)  Individuals in the New York City, New York, metropolitan area obtain policies of insurance from Trisura by intentionally misstating on their insurance applications that the place at which the vehicle to be insured is garaged, and the residence of the party to be insured, is the Commonwealth of Pennsylvania, when in fact the parties reside in the metropolitan area of New York City at all times pertinent hereto;

   (b)  Next, the individuals obtaining the fraudulently secured policies and their associates stage automobile "accidents" involving the vehicles insured under the Subject Policies, with each such "accident"

3

involving at least one vehicle insured by Trisura;

(c)  Then, the purported "accident victims" involved, including individuals who agree to ride in the vehicle involved in the intentionally planned "accidents", collude with several providers of healthcare goods and services, (the "Providers"), in order that healthcare services and goods which are actually not provided to the "accident victims" can be billed to Trisura for payment;

(d)  From this scheme, the "accident victims", as well as the Providers, share a profit when paid by Trisura;

(e)  In addition to seeking first party benefits under the fraudulently obtained policies, the "accident victims" also fraudulently seek third-party benefits from Trisura through claims asserted against Trisura under the Subject Policies;

(f)  The Providers and "accident victims" systematically fail to respond to Trisura's requests for additional verification regarding the "accident", their alleged "injuries" and "treatment", and with regard to the fraudulent information provided on the applications for insurance where false addresses, false names, fake businesses, and motor vehicles which are different than those identified in the policy, are utilized as part of the scheme;

(g)  Insurance brokers who are a part of the scheme aid the would-be insureds in falsifying their information in order to obtain the fraudulently obtained policies.

4

## DECLARATORY JUDGMENT ACTION

14. Plaintiff hereby references and incorporates the preceding paragraphs of this Complaint as though fully re-stated herein.

15. Defendant Kevin Darios Saltos Azoguez obtained the Saltos Policy by submitting an application to Trisura for a Pennsylvania automobile insurance policy, purporting to reside at 313 N 16th Street, Allentown, Pennsylvania 18102.

16. In fact, at the time of applying for the Policy and on all relevant dates thereafter, Kevin Darios Saltos Azoguez, upon information and belief, was a resident of the State of New York.

17. The Saltos Policy was initially issued on April 12, 2024, for a six-month term, and was renewed effective October 12, 2024, under Policy Number PAA50001187.

18. The vehicle information provided on the Saltos Policy application was a 2010 Hyundai Elantra, of which Kevin Darios Saltos Azoguez represented himself on said application to be the owner.

19. The Saltos Policy was underwritten in reliance on the representations made by Kevin Darios Saltos Azoguez and is a type of policy specifically written and issued to residents of the Commonwealth of Pennsylvania.

20. On or about January 26, 2025, the vehicle insured by the Saltos Policy was involved in a motor vehicle accident in New York.

21. Upon information and belief, the January 26, 2025, alleged accident (hereafter, the "Saltos Incident"), was intentionally caused by or with the consent of the Defendants.

22. The New York City Police Department has no record of a police report for the Saltos Incident, which is consistent with a staged or fraudulent accident where law enforcement is not notified.

23. Following the Saltos Incident, Defendants Mercedes Chalfa, Alison Melany Recalde Lizano, Segundo Puma Macas Castro, Julio Puma Chalfa, and Leonardo Saltos Recalde made claims for medical benefits under the Saltos Policy (the "Saltos Claims").

24. The Saltos Claims were all for services they claimed to have received from Providers that are, upon information and belief, a part of the scheme described above, and did not actually provide the claimed services. These providers include, but are not limited to:

(a) Hankook Medical Supply & Company, Inc.

(b) Warm Touch Acupuncture

(c) Active Motion Chiropractic

(d) South Bronx Med Rehab PC

(e) Fresh Pond Pharmacy

(f) Wellpath Equipment Inc.

(g) OLG Supply Inc.

(h) Majestic Medical Imaging

(i) Health & Safety Inc.

(j) Advanced Ortho & Joint

(k) LD Health Supply

(l) Urgent Physical Therapy, PC

(m)  Portal Medical PC

(n)  Bellevue Hospital Center

(o)  New York Presbyterian Hospital

(p)  Weill Cornell Medical College

25.  The total amount of medical bills submitted in connection with the Saltos Incident exceeds $120,000, which is grossly disproportionate to any actual injuries sustained and is consistent with a fraudulent billing scheme.

26.  Based on several policy provisions and particularly based on Kevin Darios Saltos Azoguez's misrepresentations in obtaining the Saltos Policy, and based on Pennsylvania law, the Saltos Claims are not covered under the Saltos Policy.

27.  The Saltos Policy provides that it "...was issued in reliance upon the information provided on your insurance application. This includes, but is not limited to information about: 1. The driver license status, driving history and insurance history of you, your spouse, relatives, additional drivers and other persons residing in your household; ...3. The motor vehicles to be insured; and 4. The principal garaging address of insured vehicles and the address where you reside."

28.  The Saltos Policy further provides that: After the initial Policy period has been in effect sixty (60 days) or more, we may rescind coverage under this Policy that is affected by a material misrepresentation or fraud only if:

1.  You or your representative intentionally made material misrepresentation(s) as to any material fact or circumstance;

2.  That misrepresentation could not have reasonably been discovered by us in less than sixty (60) days; and

7

3.  We would have refused to accept that risk had the truth of the information been known to us.

If we rescind any coverage:

1.  There is NO coverage for any claims, damages or loss that would have otherwise been covered.

2.  You are responsible to repay us for all: a. amounts we are required by law to pay, and related expenses, if law requires us to protect any innocent third parties or requires us to pay any other amount; and b. our lawyer fees, costs and expenses if you, or your assignee or representative, dispute our right to rescind and we prevail in any legal action to resolve that issue.

29.  Following the above paragraph, the Saltos Policy provides that:

**OUR RIGHTS TO DENY COVERAGE AND END THE POLICY**

We will not provide coverage or benefits for any person or party who has:

1.  Misrepresented, concealed, omitted or misstated a material fact or circumstance;

2.  Engaged in fraudulent conduct; or

3.  Aided, abetted or directed any behavior of the type listed in clause 1 or 2 above; in connection with this Policy or any accident, loss or claim under it.

30.  Further, the Saltos Policy provides that coverage is only available for an "accident", with "accident" defined as a sudden, unexpected, and unintended event including continuous or repeated exposure to the same general conditions or conduct,

8

occurring while this Policy is in force.

31. The misrepresentation that Kevin Darios Saltos Azoguez resided in Pennsylvania and that the vehicle was garaged there are material misrepresentations.

32. But for the misrepresentations set forth in the preceding paragraph, Plaintiff would not have issued the Saltos Policy.

33. Further, the Saltos Incident was not an "accident" within the meaning of the Saltos Policy.

34. Due to the material misrepresentations made, upon which Plaintiff relied, and further based on the intentional nature of the Saltos Incident, the Saltos Claims are not covered under the Saltos Policy.

35. Due to the material misrepresentations made by Kevin Darios Saltos Azoguez in the application for the Saltos Policy, Plaintiff seeks to rescind that policy.

36. Each of the remaining individual Defendants aided and abetted the fraud described above by agreeing to be passengers knowingly involved in an intentionally caused "accident", falsely claiming to have been injured in that "accident", and falsely claiming to have received medical services as a result of those fake injuries.

37. Due to aiding and abetting in the fraud involving the Saltos Claims, and knowingly making fraudulent claims for injuries that they did not sustain, Mercedes Chalfa, Alison Melany Recalde Lizano, Segundo Puma Macas Castro, Julio Puma Chalfa, and Leonardo Saltos Recalde are excluded from any coverage under the Saltos Policy in relation to the Saltos Incident.

38. Defendant Hankook Medical Supply & Company, Inc., submitted a fraudulent bill in the amount of $3,499.99 for a "US Therapy Device" that was never

9

provided, as part of the overall fraudulent scheme.

39. Due to their participation in the fraudulent scheme underlying the Saltos Incident and the Saltos Claims, the individual Defendants are not innocent third parties and thus are not entitled to coverage under the Saltos Policy.

40. In filing this lawsuit, Plaintiff seeks a determination that (1) the Saltos Policy is void; (2) any claims by the Defendants in relation to the Saltos Incident are not covered by the Saltos Policy; and, should any innocent third-party claims arise out of the Saltos Incident, Kevin Darios Saltos Azoguez is responsible to pay Plaintiff for any and all liability damages or other claims paid by Plaintiff to innocent third parties.

**WHEREFORE**, Plaintiff Trisura Insurance Company, respectfully requests this Honorable Court to enter judgment in its favor and issue a declaratory judgment that the Saltos Policy is void, that any claims by the Defendants in relation to the Saltos Incident are not covered by the Saltos Policy, and, should any innocent third-party claims arise out of the Saltos Incident, Kevin Darios Saltos Azoguez is responsible to pay Plaintiff for any and all liability damages or other claims paid by Plaintiff under the Saltos Policy to innocent third parties.

Dated: April 15, 2026

HARDIN THOMPSON PC

By:_____
Kenneth J. Hardin II, Esquire, ID # 58303
Attorney for the Plaintiff
Wells Fargo Building
123 S. Broad Street, Suite 2235
Philadelphia, PA 19109
(267) 486-9011
kenhardin@hardinlawpc.net

10